Battle, J.
 

 The material facts of this case are very similar to those in
 
 Cloninger
 
 v. Summit, decided at the last August Term in Morgan ton, and reported in 2 Jones’ Equity Eeports 513, and the principles announced in that case must govern the present. The testimony satisfies us, beyond a doubt, that the defendant advanced his money, and took a title to himself for the lot in question, upon a promise made to the plaintiff, that he would convey it to him whenever he should repay him the purchase-money, with the interest accrued thereon. Besides the circumstances of the possession retained by the plaintiff, and the improvements made thereon by him, we have the positive testimony of Mr. Selby, that such was the agreement between the parties. It is true, that this testimony was parol, and the defendant relies on the statute of frauds to prevent its effect. This objection is fully ánswered by the case of
 
 Cloninger
 
 v.
 
 Summit
 
 above alluded to. Changing the names, what is said in that case is directly applicable to to this: “ By force of the contract, the plaintiff, in view of this Court, was the owner of the land. Bodman held the legal title, in trust, to secure the payment of the purchase-money, and then in trust for the plaintiff. Had Bodman sold the land to a third person, with notice, the purchaser would have been a trustee for the plaintiff. The substance of the arrangement was, that the defendant should be substituted in the place of Bodman as a trustee for the plaintiff.” By paying his money and taking the legal title to himself, the defendant held the legal title, in trust, to secure the repayment of the purchase-money, and then in trust for the plaintiff. The defendant never contracted to sell or convey the land, or any interest therein, to plaintiff ;• for, at the time of agreement, he had no title or interest in the land, and it was only by the force of the agreement, that he was permitted to take the legal title, and by the same act he took it in trust for the plaintiff. It is manifest that the statute of frauds does not apply.
 

 
 *46
 
 The plaintiff, upon the repayment to the defendant of all money advanced by him for the lot of land in question, with interest thereon, as to which there must be an account, is entitled to a conveyance of the said lot, and he may have a decree accordingly.
 

 Per Cukiam. Decree accordingly.